JUDGE KAPLAN        07 CV    6617

360-07/GMV/PLS
**FREEHILL HOGAN & MAHAR LLP**
Attorneys for Plaintiff Beacon Trading S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 0335)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEACON TRADING S.A., | 07 cv _____ (_____ |
| Plaintiff | |
| - against - | **VERIFIED COMPLAINT** |
| SCAN MED SHIPPING INC., | |
| Defendant | |

Plaintiff BEACON TRADING S.A. ("BEACON TRADING" or "OWNERS") by its

attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant

SCAN MED SHIPPING INC. ("SCAN MED" or "CHARTERERS"), alleges upon information

and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/287018.1

2.    At all times relevant hereto, Plaintiff BEACON TRADING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Torre Universal Building, 12th Floor, Federico Boyd Ave., Panama, Republic of Panama.

3.    At all times relevant hereto, and upon information and belief, Defendant SCAN MED was and still is a business entity duly organized and existing under the laws of a foreign country with an office and place of business at c/o Blue Fleet Management Co Ltd, 98, Doiranis Street, Kallithea, 176 72 Athens, Greece.

4.    On or about 16 February 2007, Plaintiff, as owner of the M/V MED WIND, entered into a maritime contract of charter party with Defendant SCAN MED, on a Gencon 1994 charter party form for carriage of up to 1,500 mts of bagged asbestos on a voyage from Beira to Al Busheir.  A copy of the charter party is attached hereto as **Exhibit A**.

5.    Pursuant to the charter party, the cargo was loaded and total freight earned in amount of $118,599.94.  *See* **Exhibit B**.

6.    Despite due demand, CHARTERERS did not pay the freight timely and there remains due and owing to OWNERS the remaining freight and accrued interest on amounts not timely paid of $ 1,577.03.

7.    There also remains outstanding and due to OWNERS from CHARTERERS since May 23, 2007, demurrage in the amount of USD $109,052.24 with accrued interest for a total of USD $110,393.61.  (*See* **Exhibit C**).

8.    Despite due demand, SCAN MED has failed to pay timely the amounts due under the charter party for freight and demurrage, resulting in a total of USD $111,970.64 being due and owing to OWNERS as of the date of the filing of this complaint.

9.    Plaintiff BEACON TRADING has fulfilled all obligations required of it under the charter party.

10.    The charter party provides that it is to be governed by English law and that any disputes between the parties are to be resolved by arbitration in London; arbitration proceedings have been commenced and are pending in London, and BEACON TRADING specifically reserves its right to arbitrate the substantive matters at issue.

11.    This action is brought to obtain jurisdiction over SCAN MED and to obtain security in favor of BEACON TRADING in respect to its claims against SCAN MED and in aid of London arbitration proceedings.

12.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable.

13.    This action is further brought to obtain security for any additional sums to cover Plaintiff's accrued costs and fees in pursuing SCAN MED in London arbitration ($29,551.23) and Plaintiff's anticipated attorney fees and costs of $30,000.00 (which estimate is based upon the costs and fees accrued thus far), all of which are recoverable against CHARTERERS under the applicable English law.

14.    This action is also brought to obtain security for any additional sums to cover interest on the freight and demurrage components at a rate of 7.36% p.a. (the current rate awarded in London arbitration), until the entry of judgment or an arbitration award in two years estimated to be USD $17,088.51.

15.    Therefore, Plaintiff seeks an attachment pursuant to Rule B in the amount of USD $188,611.00.

16.    Upon information and belief, and after investigation, Defendant SCAN MED cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant in the amount of $188,611.00 (collectively hereinafter, "ASSETS"), including but not limited to ASSETS at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

WHEREFORE, Plaintiff BEACON TRADING prays:

a.    That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it;

b.    That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of $188,611.00 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of,

belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name or for its benefit or as may be held, received or transferred for its benefit in its name at, moving through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia, and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served; and

c.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       July 23, 2007

Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 0335)
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900
Attorneys for Plaintiff
BEACON TRADING S.A.

## ATTORNEY VERIFICATION

State of New York )
      ) ss.:
County of New York )

 GINA M. VENEZIA, being duly sworn, deposes and says as follows:

 1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

 2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by English solicitors representing our client.

 3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Gina M. Venezia

Sworn to before me this
2-3 __ day of July 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

# EXHIBIT A

**Kostis Zafiras**

**From:** alma@almanavigation.gr
**Sent:** Σάββατο, 17 Φεβρουαρίου 2007 10:35 πμ
**To:** nicoship@otenet.gr
**Subject:** Fw:Fw:Fw:MED WIND

Msg Ref:235568

ALMA NAVIGATION S.A.
97 AKTI MIAOULI STR. -185 38 - PIRAEUS
TEL +30-210 4290990   FAX +30-210 4290996   TLX 211610
E-MAIL: alma@almanavigation.gr

GD DAY

PLS FIND HERE BELOW - FIXTURE RECAP - C/P DD 16/02/07

ACCNT SCANMED SHIPPING INC.-NOMINATED BY MESSRS BLUE FLEET
MANAGEMENT CO LTD

MED WIND-DWT 3.108 MTS  ON 5.7 METERS DRAFT
SID BLT 79-PANAMA FLAG-LOA 82/BEAM 12
1 HO/2 HA-GR/BL 3367/3303 CBM-DER 2 X 5MTS
GRT/NRT   1842/966-TYPE OF HATCH COVERS -MACGREGOR
IMO - 7711517-CLASS H.R.S. -P+I:AMERICAN CLUB
LENGHT OF HOLD 52.2 METERS - BREADTH 9,9 METERS -HEIGHT 6.7 METERS
HOLD IS ALMOST BOX SHAPED EXCEPT FORE AND AFT .
LENGTH OF HATCHES 2 X 18,5 METERS X 9.30 METERS

-BEIRA/:AL BUSHEIR (BUSHEHR) lat  028 59 n long  50 50 e
-1 GSB AAAA BENDS -NO RESTRICTIONS BENDS
-L/C 19/22 FEB
-UP TO 1500 MTS WITH BAGGED ASBESTOS - CHRTRS WILL PAY PRORATA IF THEY
WILL
LOAD IN EXCESS OF THIS
QUANTITY
-FRT: USD 110.000 LPSM FIOS PAYABLE 100 PCT WITH IN 7 B D FM S/ R B/LS MARKED
FRT PAYABLE AS PER C/P
-FRT DEEMED EARNED ON SHIPMENT DISCOUNTLESS AND NON RETURNABLE
VESSEL
 A/O CARGO LOST OR NOT LOST
-FREE D/A AT DISCHARGE PORT
-L/D 5 TTL DAYS   SHEX EIU BENDS
-AT LOAD PORT FRIDAY 17.00 HRS  TILL MONDAY 0800 HRS NTC EIU
-AT DISCH PORT TIME FM THURSDAY 1200 HRS TILL SAT 0800 HRS NTC EIU

1

-DEM USD 2700 FDWTSBE

-FREE EXINS

-FREE OF ANY FRT TAXES/DUES/PEAGES/WHARFAGES ON CARGO A/O FRT TO BE
FOR CHRTRS ACCNT BENDS

-MASTERS RIGHT TO TENDER NOR EVEN BY CABLE/TELEX WIPON/WIFPON/WCCON
WIBON

-OWISE AS PER M/V ANSAN C/P DD 1 DEC 2006 LOGICALY AMMENDED AS PER VSLS
DESCRIPTION AND TERMS AGREED AND WITH FOLL AMMENDEMENTS

COMMS:1.25% TTL TO ALBATROS + 1.25% TO ALMA

CL 21 AND CL 22 AMMEND TO READ AS AGREED.

CL 24 AMMEND AS PER MAIN TERMS

CL 25 DELETE -

CL 27 LOADING - INSERT CARGO TO BE LOADED FREE OF EXPENSE AND RISK TO
THE OWNERS.

 AT THE END DELETE FROM "STEVEDORES UNTIL THE END OF CLAUSE

CL 31 DELETE FROM "IN CASE OF SHIFTING UNTILL And next page  FOR OWNERS
ACCOUNT".

    DELETE  "IF THE VESSEL IS ORDERED  UNTILL THE END OF CLAUSE.

CL 37 DELETE 'SECOND AND 3RD PARAGRAPH

CL 39 AND CL 45 AMMEND WITH LONDON AND ENGLISH LAW

+++

Pls ask ows/master to give notices to agents

MANICA FREIGHT SERVICES SARL
LARGO DO BUZI 1/6
BEIRA
MOZAMBIQUE
TEL:+25823325163
FAX:+25823325017
EML:agencymanica@teledata.mz

with cc to

bfm@otenet.gr

27/04/2007

operation@blueflee1.com

agents disch port

WORLD WAVES SHIPPING CO.
4TH FLOOR , NR3 , 58TH ALLEY S.J ASAD
ABADI AVE ,
TEHRAN 14368
IRAN

TEL:+982188059334
FAX:+982188030052

END

BRGDS

Ref med wind/ scanmed shipping inc
-----------------------------------
tks ows last
fixture recap ok
except:
eiu- time fm friday 1700 hrs  till monday 0800 hrs ntc eiu
++
on c/p proforma
----------------
cl 27
-----
ok for the first addition
ows deletion to remain ( very normal)

cl 31
-----
to remain  as per proforma

cl 37
----
to remain as per proforma

end

27/04/2007

**3**

4

| 1. Shipowner | |
|---|---|
| **ALBATROS MANAGEMENT INC**<br>**98,DOIRANIS**<br>**17683 KALLITHEA**<br>**ATHENS** | THE BALTIC AND INTERNATIONAL MARITIME COUNCIL<br>UNIFORM GENERAL CHARTER (as revised 1922, 1976, AND 1994)<br>(To be used for trades for which no specially approved form is in force)<br>Code Name: "GENCON" |
| | 2. Place and date    **GREECE 16/FEB/2007** |
| 3. Name of Shipbrokers/Placement Commission (Cl. 1) | 4. Commission/owner business (Cl. 1)<br>**SCAN MED SHIPPING INC.**<br>**(NOMINATED BY**<br>**BLUE FLEET MANAGEMENT)** |
| **BEACON TRADING S.A** | |
| 5. Vessel's name (Cl. 1)    **M/V  MED WIND** | 6. GRT/NRT (Cl. 1)    **1042 / 966** |
| 7. DWT all told cargo/carrying capacity in metric tons (abt.) (Cl. 1)<br>**3108 MTS** | 8. Present position (Cl. 1) |
| 9. Expected ready to load (abt.) (Cl. 1)    **19th FEB 2007** | 10. Loading port or place (Cl. 1)    **1GSB AAAA AL BUSHEIR** |
| 10. Loading port or place (Cl. 1)<br>**1GSB AAAA BEIRA** | |
| 12. Cargo (also state quantity and margin in Owners' option, if agreed; if full and complete cargo not agreed state "part cargo") (Cl. 1)<br>**UP TO 1500 MTS BAGGED ASBESTOS - CHARRS WILL PAY PRORATA IF**<br>**THEY WILL LOAD IN EXCESS OF THIS QUANTITY** | |
| 13. Freight rate (also state whether freight prepaid or payable on delivery) (Cl. 4)<br>**USD 110.000 LPSM FIOS** | 14. Freight payment (state currency and method of payment; also beneficiary and bank account) (Cl. 4)<br>**SEE RIDER CLAUSE 49** |
| 15. State if vessel's cargo handling gear shall not be used (Cl. 5) | 16. Laytime (if separate laytime for load and disch. is agreed, fill in a) and b). If total laytime for load and disch., fill in c) only) (Cl. 6)<br>a) Laytime for loading |
| 17. Shippers/Place of business (Cl. 6) | b) Laytime for discharging<br>**REFER RIDER CLAUSES** |
| 18. Agents (loading) (Cl. 6) | c) Total laytime for loading and discharging<br>**SEE RIDER CL.37** |
| 19. Agents (discharging) (Cl. 6)<br>**TO BE NOMINATED BY CHARTS** | 20. Demurrage rate (Cl. 6)<br>**REFER RIDER CLAUSES** |
| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7)<br>**USD 2,700 PDPR FD**<br>**SEE RIDER CLAUSE 23** | |
| 21. Freight Tax (state if for the Owners' account) (Cl. 13 (c))<br>**REFER RIDER CLAUSE** | 24. Brokerage commission and to whom payable (Cl. 15)<br>**1.25% TO ALBATROS MANAGEMENT  INC.** |
| 22. Law and arbitration (state 19 (a), 19 (b) or 19 (c) of Cl. 19; if 19 (c) agreed also state Place of Arbitration) (if not filled in 19 (a) shall apply) (Cl. 19)<br>**REFER RIDER CLAUSE** | **1.25% TO ALMA NAVIGATION S.A** |
| (a) State maximum amount for small claims/arbitration (Cl. 19) | 25. Additional clauses covering special provisions, if agreed<br>**RIDER CLAUSES FM 20 TO 45** |

It is mutually agreed that this Contract shall be performed subject to the conditions contained in this Charter Party which shall include Part I as well as Part II. In the event of a conflict of conditions, the provisions of Part I shall prevail over those of Part II to the extent of such conflict.

| Signature (Owners) | Signature (Charterers) |
|---|---|
| | |

Printed and sold by Witherby & Company Limited, 32-36 Aylesbury Street, London EC1R 0ET.    Tel. No. 0171 251 5341    Fax No. 0171 251 1296
by authority of The Baltic and International Maritime Council, (BIMCO) Copenhagen.

5

PART II
"Gencon" Charter (As Revised 1922, 1976 and 1994)

SEE RIDER

1. It is agreed between the party mentioned in Box 3 as the Owners of the Vessel named in Box 5 of the GT/NT indicated in Box 6 and carrying about the number of metric tons of deadweight capacity all told on summer loadline stated in Box 7, now in position as stated in Box 8 and expected ready to load under this Charter Party about the date indicated in Box 9, and the party mentioned as the Charterers in Box 4 that :
The said Vessel shall, as soon as her prior commitments have been completed, proceed to the loading port(s) or place(s) stated in Box 10 or so near thereto as she may safely get and lie always afloat, and there load a full and complete cargo (if shipment of deck-cargo agreed same to be at the Charterers' risk and responsibility) as stated in Box 12, which the Charterers bind themselves to ship, and being so loaded the Vessel shall proceed to the discharging port(s) or place(s) stated in Box 11 as ordered on signing Bills-of-Lading, or so near thereto as she may safely get and lie always afloat, and there deliver the cargo.

2. Owners' Responsibility Clause
The Owners are to be responsible for loss of or damage to the goods or for delay in delivery of the goods only in case the loss, damage or delay has been caused by personal want of due diligence on the part of the Owners or their Manager to make the Vessel in all respects seaworthy and to secure that she is properly manned, equipped and supplied, or by the personal act or default of the Owners or their Manager.
And the Owners are not responsible for loss, damage or delay arising from any other cause whatsoever, even from the neglect or default of the Master or crew or some other person employed by the Owners on board or whose acts they would, but for this clause, be responsible, or from unseaworthiness of the Vessel on loading or commencement of the voyage or at any time whatsoever.

3. Deviation Clause
The Vessel has liberty to call at any port or ports in any order, for any purpose, to sail without pilots, to tow and/or assist Vessels in all situations, and also to deviate for the purpose of saving life and/or property.

4. Payment of Freight
(a) The freight at the rate stated in Box 13 shall be paid in cash calculated on the intaken quantity of cargo.
(b) Prepaid. If according to Box 13 freight is to be paid on shipment, shall be deemed earned and non-returnable, Vessel and/or cargo lost or not lost. Neither the Owners nor their agents shall be required to sign or endorse bills of lading showing freight prepaid unless the freight due to the Owners has actually been paid.
(c) On delivery. If according to Box 13 freight, or part thereof, is payable at destination it shall not be deemed earned until the cargo is thus delivered. Notwithstanding the provisions under (a), if freight or part thereof is payable on delivery of the cargo the Charterers shall have the option of paying the freight on delivered weight/quantity provided such option is declared before breaking bulk and the weighing is at the port of discharge.
Cash for Vessel's ordinary disbursements at the port of loading to be advanced by the Charterers, if required, at highest current rate of exchange, subject to two (2) per cent to cover insurance and other expenses.

5. Loading/Discharging
(a) Costs/Risk
(b) Cargo Handling Gear
(c) Stevedore Damage

6. Laytime

7. Demurrage

8. Lien Clause
The Owners shall have a lien on the cargo and on all sub-freights payable in respect of the cargo, for freight, deadfreight, demurrage, claims for damages and for all other amounts due under this Charter Party including costs of recovering same.

9. Cancelling Clause
(a) Should the Vessel not be ready to load (whether in berth or not) on the cancelling date indicated in Box 21, the Charterers shall have the option of cancelling this Charter Party.
(b) Should the Owners anticipate that, despite the exercise of due diligence, the Vessel will not be ready to load by the cancelling date, they shall notify the Charterers thereof without delay stating the expected date of the Vessel's readiness to load and asking whether the Charterers will exercise their option of cancelling the Charter Party, or agree to a new cancelling date.

10. Bills of Lading

11. Both-to-Blame Collision Clause

12. General Average and New Jason Clause
General Average shall be adjusted in London unless otherwise agreed in Box 22 according to York-Antwerp Rules 1994 and any subsequent modification thereof.

13.

PART II

"Gencon" Charter (As Revised 1922, 1976 and 1994)

14. Agency   (CHARTS AGENTS SIENCE)

15. Brokerage

16. General Strike Clause

17. War Risks (" Voywar 1993 ")
(1) For the purpose of this clause, the words:
(a) The " Owners " shall include the shipowners, bareboat charterers, disponent owners, managers or other operators who are charged with the management of the Vessel, and the Master; and
(b) " War Risks " shall include any war (whether actual or threatened) act of war, civil war, hostilities, revolution, rebellion, civil commotion, warlike operations, the laying of mines (whether actual or reported), acts of piracy, acts of terrorists, acts of hostility or malicious damage, blockades (whether imposed against all Vessels or imposed selectively against Vessels of certain flags or ownership, or by any person, body, terrorist or political group or the Government of any state whatsoever), which, in the reasonable judgement of the Master and / or the Owners, may be dangerous or are likely to be or to become dangerous to the Vessel, her cargo, crew or other persons on board the Vessel.

18. General Ice Clause

19. Law and Arbitration   REF TO MAIN TERMS / SEE RIDER

7

CLAUSE 20
VSL'S DESCRIPTION

M/V MED WIND
DWT 3.108 MTS ON 5.7 METERS DRAFT
SID BLT 79-PANAMA FLAG-LOA 82/BEAM 12
1 HO/2 HA-GR/BL 3367/3303 CBM-DER 2 X 5MTS
GRT/NRT 1842/966-TYPES OF HATCH COVERS –MACGREGOR
IMO – 7711517-CLASS H.R.S. –P+I: AMERICAN CLUB
LENGTH OF HOLD 52.2 METERS – BREADTH 9,9 METERS –HEIGHT 6.7
METERS
HOLD IS ALMOST BOX SHAPED EXCEPT FORE AND AFT.
LENGTH OF HATHCES 2 X 18,5 METERS X 9.30 METERS


CLAUSE 21. LOADING/DISCHARGING
TIME FOR LOADING AT DISCHARGING TO BE 5TTL WWD SHEX/FHEX AT
LOADING PORT TIME FROM FRIDAY 17:00 HRS TILL MONDAY 08:00 HRS
NOT TO COUNT E.IU AT DISCHARGING PORT TIME FROM THURSDAY
12:00 HRS TILL SATURDAY 08:00 HRS NOT TO COUNT E.IU CARGO TO BE
LOADED UNDER DECK WITH NO RESTRICTION ON TIERS WITH
SUFFICIENT DUNNAGE PROVIDED BY THE CHARTERERS LOADING MUST
BE DONE IN CLOSE CONSULTATION WITH SUPPLIERS/STEVEDORE &
THE MASTER OF THE VESSEL.

MASTER HAS THE RIGHT TO REJECT ANY DAMAGED UNSOUND CARGO
WHILE LOADING AND SHIPPERS TO REPLACE SAME IMMEDIATELY.
MASTER / OWNERS TO ISSUE CLEAN BILL OF LADING. MASTER /
OWNERS TO MAINTAIN 7.5 ,MTRS DRAFT UPON ARRIVAL AT BANDAR
BUSHEHR.


CLAUSE 22
DELETED


CLAUSE 23. DEMURRAGE/DESPATCH
DEMURRAGE US$ 2700 PER DAY PRORATA/FD
DEMURRAGE IF ANY AT LOAD PORT AND DISCHARGING PORT TO BE
SETTLED BY CHARTERERS WITHIN 15 DAYS FM OWNERS SUBMISSION
THEIR TIME SHEET CALCULATION SUPPORTED BY S.O.F. & N.O.R.
SIGNED BY MASTER/AGENTS BENDS.

DEMURRAGE AT LOAD PORT TO BE PAID BY CHARTERERS AS ABOVE

BUT LATEST BBB.

CLAUSE 24. TAXES/DUES
TAXES/DUES/PEAGES/WHEARFAGES ON CARGO AND OR ON FREIGHT TO
BE FOR CHARTERERS ACCOUNT BENDS.

CLAUSE 25- DELETED

CLAUSE 26
VESSEL IS TO PROCEED DIRECTLY TO THE DISCHARGE PORT AFTER
COMPLETION OF LOADING BUT IS PERMITTED TO STOP FOR BUNKERS /
STORE AND WATER AT A PORT ENROUTE TO FOR THE PURPOSE OF A
PORT OF REFUGE AND IN THE EVENT OF A MAJOR ACCIDENT OF THE
PURPOSE OF SAVING LIFE AS IN THE COURSE OF PRACTICE OF GOODS
SEAMANSHIP.

CLAUSE 27
 LOADING/DISCHARGING AND STOWAGE OF CARGO  AT LOADING.

CARGO TO BE LOADED/DISCHARGED WITHIN 5TTL WWD SHEX/FHEX
E.IU PRORATA BASIS 2HOOKS/1HOLDS BASIS OTHERWISE PRORATA. AT
LOAD PORT IF NOR IS TENDERED BEFORE NOON ON MON THROUGH SAT
NOON, TIME TO COUNT FROM 1400 HRS ON THE SAME DAY, IF NOR IS
TENDERED AFTERNOON OR ON A HOLIDAY THEN TIME FOR LOADING
WILL COUNT FROM 0800 HRS ON NEXT WORKING DAY.


 N.O.R TO BE ACCEPTED WWWW.
CARGO TO BE LOADED/DISCHARGED FREE OF EXPENSES AND RISK TO
THE OWNERS.


CLAUSE 28. NOTICE
OWNERS / MASTER TO TENDER NOR W/W/W/W THROUGH RADIO, CABLE
OR TLX/VHF OR THROUGH AGENTS.

MASTER / OWNERS / AGENTS TO GIVE 3/2/1 DAYS ARRIVAL NOTICE
PRIOR ARRIVAL AT LOADING / DIS PORT TO SHIPPERS /RECEIVERS.


CLAUSE 29. NOTICE OF READINESS
NOTICE OF READINESS TO BE GIVEN OFFICE WORKING HOUR W/W/W/W.


CLAUSE 30.
ANY CLAIM AGAINST STEVEDORE DAMAGE TO BE SETTLE BETWEEN
OWNERS/STEVEDORES   DIRECTLY   NOT   HOLDING   CHARTERERS
RESPONSIBLE FOR LOSS OF TIME COST FOR SAME HOWEVER
CHARTERERS TO ASSIST OWNERS FOR SETTLEMENT OF ANY CLAIM
FOR STEVEDORES DAMAGE TO BE MADE IN WRITING 24 HOURS OF
SUCH OCCURRENCE BUT ALWAYS BEFORE THE VESSEL DEPARTURE
FROM EACH PORT AND SUCH CLAIMS TO BE COUNTER SIGNED BY A
RESPONSIBLE REPRESENTATIVE OF THE STEVEDORES.


CLAUSE 31.

ONCE N.O.R IS TENDERED ALL TIME TO COUNT AS LAYTIME
INCLUDING SHIFTING COST FROM ANCHORAGE TO THE BERTH FOR
LOADING/DISCHARGING.

CLAUSE 32. USE OF WINCHES / DERRICKS AND LIGHTS FOR NIGHT
WORK.
VESSEL TO PROVIDE FREE USE OF WINCHES/DERRICKS AND SAME TO
BE IN GOOD WORKING ORDER.TIME LOST FOR ANY REASON OF LACK
OF POWER OF BREAK DOWN OF GEAR AT LOAD PORT AND DISCHARGE
PORTS NOT TO COUNT AS LAY TIME OR TIME ON DETENTION PRORATA
TO THE NUMBER OF HATCH AFFECTED. OWNERS TO PROVIDE
SUFFICIENT LIGHTING FOR NIGHT WORKING IN ALL HATCHES
SIMULTANEOUSLY, FREE OF EXPENSES TO THE CHARTERS.

CLAUSE 33. BILLS OF LADING
AT LOAD PORT OWNERS TO AUTHORIZE THE AGENTS TO ISSUE BILLS
OF LADING IN STRICT CONFORMITY WITH THE MATES RECEIPTS. THE
SAME IS TO BE GIVEN IN WRITING UPON THE VESSEL BERTHING AT THE
LOAD PORT B/L TO MARK FREIGHT PAYABLE AS PER C/P.

BILL OF LADING QUANTITY TO BE ASCERTAINED BY JOINT DRAFT
SURVEY BETWEEN OWNERS AND CHARTERERS.

IN CASE SHIPPERS REQUIRE "PREPAID" BILLS OF LADING OWNERS TO
AUTHORIZE AGENTS TO ISSUE AND RELEASE SAME UPON RECEIPT OF
FULL FREIGHT IN OWS ACCOUNT.

CLAUSE 34. OVERTIME
OVERTIME TO BE FOR THE ACCOUNT OF THE PARTY ORDERING THE
SAME HOWEVER IF ORDERED BY THE PORT AUTHORITIES SAME TO BE
FOR CHARTERERS ACCOUNT. OVERTIME FOR OFFICERS AND CREW
ALWAYS TO BE FOR OWNERS ACCOUNT.

CLAUSE 35. SIGNING OF DOCUMENTS
THE STATEMENT OF FACTS AND OTHER CUSTOMARY DOCUMENTS ARE
TO BE SIGNED BY THE SHIPPERS/RECEIVERS OR THEIR AUTHORIZED
REPRESENTATIVES TOGETHER WITH THE VESSELS AGENTS AND THE
MASTER.

CLAUSE 36. SEAWORTHINESS/CERTIFICATES
OWNERS GUARANTEE THAT VESSELS HOLDS ARE CLEAN AND FIT FOR
LOADING OF INTENDED CARGO. THE OWNERS GUARANTEE THAT THE
VESSEL IS SEAWORTHY AND HAS ALL STATUTORY CLASS AND
TRADING CERTIFICATES VALID TILL COMPETION OF VOYAGE. OWNERS
CONFIRM THAT THE VESSEL WILL NOT BE SOLD OR HER FLAG /

OWNERSHIP WILL NOT BE CHANGED OF SCRAPED DURING THE VOYAGE. OWNERS CONFIRM THAT THE VESSEL IS FULLY CLASSED AND P&I COVERED. ANY CONSEQUENCES THEREFOR FOR NON COMPLIANCE WITH THE ABOVE SHALL BE ON OWNERS ACCOUNT.
THE VESSEL HULL AND MACHINERY AND P&I INSURANCE TO BE FULLY VALID FOR THE INTENDED PORTS OF CALL UNDER THIS CHARTER PARTY.


CLAUSE 37. DELIVERY OF CARGO
IN CASE THE ORIGINAL BILLS OF LADING ARE NOT AVAILABLE AT DISPORT ON OR BEFORE ARRIVAL OF THE VESSEL MASTER / OWNERS TO DELIVERS THE ENTIRE CARGO TO THE RECEIVERS AGAINST THE CHARTERERS / RECEIVERS SIMPLE LETTER OF INDEMNITY IN OWNERS P&I CLUB WORDING.


CLAUSE 38. ADDITIONAL CLAUSES
NEW JASON CLAUSE GENERAL STRIKE P&I BUNKER CLAUSE BOTH TO BLAME COLLISION CLAUSE AND CLAUSE PARAMOUNT ARE DEEMED TO HAVE BEEN FULLY INCORPORATED IN THIS CHARTER PARTY.


CLAUSE 39. ARBITRATION/GENERAL AVERAGE
THE CONTRACT SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE ENGLISH LAW ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON IN ACCORDANCE WITH THE ARBITRATION ACT 1996 OR ANY STATUTORY MODICATION OR REENACTMENT THEREOF SAVE TO THE EXTENT NECESSARY TO GIVE EFFECT TO THE PROVISION OF THIS CLAUSE. THE ARBITRATION SHALL BE CONDUCTED IN ACCORDANCE WITH LONDON MARITIME ARBITRATORS ASSOCIATION (LMAA) TERMS CURRENT AT THE TIME WHEN THE ARBITRATORS PROCEEDINGS ARE COMMENCED THE REFERENCE SHALL BE TO TWO A THIRD IN CASES WHERE NEITHER THE CLAIM NOR ANY COUNTER CLAIM EXCEEDS THE SUM OF US$50.000 THE ARBITRATION SHALL BE CONDUCTED AT THE TIM WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.


CLAUSE 40. CONFIDENTIALITY
THIS FIXTURE IS TO BE KEPT STRICTLY PRIVATE AND CONFIDENTIAL BETWEEN THE PARTIES TO THIS CONTRACT AND NOT TO BE REPORTED BY THE OWNERS / CHARTERERS OR THE BROKERS INVOLVED.

CLAUSE 41. AGENTS
THE CHARTERERS ARE TO APPOINT THEIR AGENTS AT THE PORT OF
LOADING AND DISCHARGING. OWNERS ALWAYS PAYING THE
CUSTOMARY PORT DISBURSEMENTS AT LOAD PORT –FREE D/A FOR
OWNERS AT DISCHARGING PORT. OWNERS ALWAYS PAYING THE
CUSTOMARY PORT DISBURSEMENTS OWNERS TO KEEP THE AGENTS IN
SUFFICIENT FUNDS WELL IN TIME TO AVOID ANY DELAY TO THE
BERTHING / SAILING OF THE VESSEL ANY COSTS AND CONSEQUENCES
ARISING FROM THE DELAY OF THE VESSEL DUE TO OWNERS NON
COMPLIANCE    WITH    THE    ABOVE    IS    TO    BE    FOR    THE
RISKS/RESPONSIBILITY OF THE OWNERS.


CLAUSE 42. WAR RISK
EXTRA WAR RISK INSURANCE PREMIUM IF ANY TO BE FOR OWNERS
ACCOUNT. OVER AGE PREMIUM ANY ON CARGO TO BE FOR
CHARTERERS ACCOUNT.


CLAUSE 43. TALLY DUNNAGES/LASHING
ALL DUNNAGES / LASHING / SECURING TO BE FOR CHARTERERS COST&
TIME TALLY FOR SHIPPERS / RECEIVERS ACCOUNT AT SHORE AND SHIP
SIDE TALLY TO BE FOR OWNERS ACCOUNT. HOWEVER SHIP CREW CAN
PERFORM SAME AT OWNERS DISCRETION
USE OF FORKLIFT CHARTERERS ACCOUNT.


CLAUSE 44. SPECIAL PROVISION/RIDER CLAUSES
IT IS UNDERSTOOD THAT IF THE SPECIAL PROVISION UNDER THE RIDER
CLAUSES CONFLICT WITH THE PRINTED CLAUSES THE RIDER CLAUSES
ARE TO APPLY.


CLAUSE 45. GOVERNING LAWS/JURISDICTION
THIS CHARTER PARTY IS TO BE GOVERNED BY AND CONSTRUCTED
UNDER ENGLISH LAW UNDER JURISDICTION OF LONDON.
ANY CLAIM/DISPUTE UNDER THIS CHARTER PARTY IS TO BE
SUBMITTED BY THE CLAIMANT IN WRITING TO THE OFFENDING PARTY
WITHIN 21 CALENDAR MONTHS FROM THE DATE OF COMPLETION OF
DISCHARGE. IF SUBMITTED LATER THEN THE SAME IS TO BE
CONSIDERED NULL AND VOID.


CLAUSE 46. CHARTERERS SURVEYORS
THE OWNERS / MASTER OR THEIR AGENTS SHALL ALLOW THE
REPRESENTATIVES OF THE INSPECTION AGENCY NOMINATED BY THE
CHARTERERS / SHIPPERS / RECEIVERS TO BOARD THE VESSEL AT THEIR
RISK AND INSECT THE CARGO AT ALL STAGES OF LOADING AND
DISCHARGING IN CASE THE CHARTERERS / SHIPPERS / RECEIVERS
REQUIRE SUCH OWNERS TO PRESENT THE VESSELS HOLDS FULLY

WASHED AND CLEANED UPTO THE SATISFACTION OF SHIPPERS SURVEYORS INCASE THE VESSEL FAIL ON HOLD CLEANLINESS SURVEY TIME LOST FIRST INSPECTION TILL VESSEL PASS PER HOLDS NOT TO COUNT.


CLAUSE 47.
OPENING AND CLOSING OF HATCHES AND RIGGING OF GEAR ALWAYS FOR OWNERS TIME AND ACCOUNT. ANY TIME LOST DUE TO BREAKDOWN OF GEAR ON OWNERS ACCOUNT.


CLAUSE 48.
OWNERS WILL LOAD VESSEL UPTO MAX PERMISSIBLE BRAFT OF 8.5M ALLOWING VESSEL SAFETY BERTH AT AL BUSHIRE.


CLAUSE 49.
100% FREIGHT PAYMENT LESS COMM TO BE PAID TO OWS NOMINATED BANK ACCOUNT WITHIN 7 (SEVEN) BANKING BAYS AFTER SIGNING / RELEASING B/LS MARKED FREIGHT PAYABLE AS PER C/P.
FREIGHT DEEMED EARNED ON SHIPMENT DISCOUNTLESS AND NON – RETURNABLE, VESSEL AND / OR CARGO LOST OR NOT LOST.
IF  CHARRS REQUIRE MARKED''FREIGHT PREPAID BILLS OF LADING, OWNERS TO INSTRUCT CHARTERERS AGENTS TO KEEP THE ORIGINAL BLS IN THEIR  HANDS UNTIL COPY OF SWIFT COVERING FREIGHT HAS BEEN  RECEIVED BY THE OWNERS.


THE OWNERS                              THE CHARTERERS

**13**

# EXHIBIT B

# BEACON TRADING S.A.

Torre Universal Building, 12th Floor, Federico Boyd Avenue,
P.O. BOX 0816-02033, Panama, Republic of Panama.

05/03/2007

**TO:** **SCANMED SHIPPING**

Dear sirs,

**Re:** **M/V "MED WIND" C/P 16/2/2007 - FREIGHT STATEMENT**

Please find as hereunder freight statement:

| | | | | |
|---|---|---|---|---|
| Freight: Lumpsum as per C/P | | | | 110,000.00 |
| Additional freight prorata above 1500 mts of cargo: | | | | |
| 137.75 | MTS at | 73.33 | USD/MT | 10,101.21 |
| Less: Freight commission | | 1.25% | | -1,501.27 |

| | | | |
|---|---|---|---|
| **FREIGHT DUE TO OWNERS:** | **USD** | **118,599.94** | |

Please remit to:

**HSBC BANK PLC**
**SWIFT ADDRESS:MIDLGRAA**
**93 AKTI MIAOULI STREET**
**GR-18538 PIRAEUS**
**GREECE**
**A/C NO 001-001882-021**
**IN FAVOUR OF : NICOLAKIS SHIPPING SA**

**TO BE REMITTED VIA CORRESPONDING BANK IN NEW YORK :**
**HSBC BANK - USA**
**SWIFT ADDRESS:MRMDUS33**
**NEW YORK - USA**

Yours faithfully,

BEACON TRADING S.A. PANAMA

# EXHIBIT C

# BEACON TRADING S.A.

Torre Universal Building, 12th Floor, Federico Boyd Avenue,
P.O. BOX 0816-02033, Panama, Republic of Panama.

08/05/2007

**TO:    SCANMED SHIPPING**

Dear sirs,

**Re:    M/V "MED WIND" C/P 16/2/2007 - FINAL STATEMENT**

Please find as hereunder final statement:

Freight: Lumpsum as per C/P                                          110,000.00
    Additional freight prorata above 1500 mts of cargo:
    137.75    MTS at    73.33    USD/MT                             10,101.21

Demurrage:                                                          110,432.81

    Less: Freight commission            1.25%                        -1,501.27
          Demurrage commission          1.25%                        -1,380.41

        **DUE TO OWNERS:**                              **USD    227,652.34**

Please remit to:

**HSBC BANK PLC**
**SWIFT ADDRESS:MIDLGRAA**
**93 AKTI MIAOULI STREET**
**GR-18538 PIRAEUS**
**GREECE**
**A/C NO 001-001882-021**
**IN FAVOUR OF : NICOLAKIS SHIPPING SA**

**TO BE REMITTED VIA CORRESPONDING BANK IN NEW YORK :**
**HSBC BANK - USA**
**SWIFT ADDRESS:MRMDUS33**
**NEW YORK - USA**

Yours faithfully,

BEACON TRADING S.A. PANAMA